IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE MORRIS,

    Petitioner,                    No. CIV S-01-1567 DAD P

    vs.

R. A. CASTRO, et al.,

    Respondents.              <u>ORDER</u>

          Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's September 26, 2006, denial of his application for a writ of habeas corpus. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

          A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

          A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different

/////

1

1  court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford,
2  290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]
3  Petitioner has made a substantial showing of the denial of a constitutional right in
4  the following issues presented in the instant petition:  (1) whether the trial court error in allowing
5  the prosecution to call Deputy Anderson as a rebuttal witness; (2) whether petitioner was denied
6  effective assistance of counsel when trial counsel failed to interview Deputy Anderson before
7  trial; (3) whether the state coerced petitioner into abandoning his right of self-representation by
8  providing him with inadequate legal materials; (4) whether the prosecutor engaged in misconduct
9  by failing to timely disclose court ordered discovery; (5) whether the prosecutor engaged in
10 misconduct by employing unfair surprise in calling Deputy Anderson as a rebuttal witness and
11 using false testimony to secure a conviction; (6) whether the trial court denied petitioner the
12 opportunity to offer testimony favorable to his defense; (7) whether the prosecutor engaged in
13 misconduct by informing a witness of petitioner's criminal history and aiding in the changing of
14 other witnesses' testimony; (8) whether the trial court committed error in not allowing questions
15 regarding "masked suspects" during trial, in violation of petitioner's rights to confront and cross-
16 examine witnesses; (9) whether the prosecutor engaged in misconduct when the prosecutor and
17 police suppressed exculpatory evidence regarding a 911 tape and police dispatch
18 communications; (10) whether petitioner was denied effective assistance of counsel when his
19 trial counsel failed to investigate and utilize experts; and (11) whether the trial court committed
20 error in failing to suppress the in-court identification of petitioner by witnesses, which was
21 suggestive and tainted.
22 /////
23 /////

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause.  Jennings, at 1010.

1  Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is
2  issued in the present action.
3  DATED: October 24, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:8:morris1567.coa